**Gilberto Velasco SANCHEZ; Bertha Arreguin Contreras, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76793.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Dennis M. Wong, U.S. Dept. of Justice, Dublin, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION FOR REVIEW DISMISSED.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Gilberto Velasco Sanchez and Bertha Arreguin Contreras, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to consider the petitioners' contention that the IJ denied them due process by excluding their expert's testimony and written report regarding the neurological condition of their daughter Diana because they failed to exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

The petitioners' contention that the BIA violated their due process rights by disregarding their evidence is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

